Eastern District.
*January* 1831.

THOMAS ET AL.
*vs.*
THOMAS.

*THOMAS ET AL. vs. THOMAS*

**APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE FOURTH PRESIDING.**

It is not sufficient ground to reject a witness that another has or may contradict him.

The existence, loss, and contents of a will may be proved by parol testimony.

This suit was brought to recover from the defendant, a slave, to which the latter set up title, under the will of his brother Joseph Thomas.

On the trial of the cause, the defendant offered witnesses to prove, that they had seen and witnessed an instrument of writing, purporting to be the last will and testament of Joseph Thomas, deceased, and that they were sworn by the judge of probates, to prove the signature of the deceased, when the will was offered for probate. The defendant's counsel stated, that this evidence was offered for the purpose of establishing the fact, that such a will was once in existence, and that their object was subsequently to prove the loss of the will, so as to enable them to give parol evidence of its contents.    To the introduction of this testimony, the plaintiffs counsel objected, on the ground that the defendant must first prove the loss of the will.

The court refused to allow the evidence, on the ground that a will being an instrument of writing, clothed with certain formalities prescribed by law, must appear to have been complied with, which could only be done by inspection of the will itself.

There was judgment for the plaintiffs, and the defendant appealed.

*Lawrence* and *Ogden* for appellees.

*Gurley* and *Morgan* for appellant.

*Porter J.* delivered the opinion of the court.

The petitioners claim from the defendant a slave.   In his answer, he sets up title to the property under the last will and

testament of one Joseph Thomas, deceased, and avers that
the will was presented and proven, after his decease, before
the judge of probates, in and for the parish of East Baton
Rouge, and ordered to be executed : that, since the inception
of this suit, he has applied to the Probate Court for the will,
but has been unable to procure it : that if the original can
be found, or a certified copy, it will be offered in evidence ;
and in case it should not, the next best evidence in the de-
fendant's possession will be given.

On the trial of the cause, the defendant, in support of the
allegations contained in his answer, offered, *first*, a petition to
the judge of probates, in which it was stated, that by the will
of Joseph Thomas, a negro had been bequeathed to the peti-
tioner, but that the testamentary disposition had been reduced
to one third of the property left, by virtue of an order of the
court. The petition concludes with a prayer, that the pro-
perty should be sold. On this application, which appears to
have been filed on the 16th of April, 1825, the judge made
the following order : "Let a public sale of the property, real
and personal, belonging to the succession of Joseph Thomas,
take place on the 16th of May, on the following terms," &c.

He also offered a petition to the Court of Probates, dated
the 25th March of the year 1825, setting forth, that a will
had been left by Joseph Thomas, and praying that it might
be admitted to probate, and its execution ordered. On this
petition, the following order was given : " Let ten days' no-
tice be given of the prayer of this petition."

The defendant then offered witnesses to prove, that they
had subscribed the will : that they had been sworn before
the judge of probates to prove it. He then offered to prove
the loss of it, and after such facts being proven, he would
offer evidence of its contents." To this testimony, the plain-
tiff objected on several grounds—the most important of
which appear to be : 1st, That parol testimony of the
execution of the will could not be given in that court : that

a will being an instrument clothed with certain formalities prescribed by law, in order to give it effect, no evidence of its loss, or its contents, could be offered, until its existence, with the requisite formalities, had been proved : 2dly. That the judge of probates had been examined and had deposed, "that he had never seen such a will, and that no such will had been ever recorded in his office."

It is not sufficient ground to reject a witness that another has contradicted him.

The last objection may be dismissed at once. It is of the first impression, certainly, to object to the competency of one witness, because another has or will contradict him. That may go to his credit, but furnishes no ground to refuse hearing him. The first objection is entitled to more consideration; but we still believe it unsound. The law of evidence, would have a poor claim to the praise justly bestowed on it, if it did not foresee and provide for such a case as this. That rule which is the most universal, namely, that the best evidence the nature of the case will admit, shall be produced, decides this objection; for it is only another form of expression for the idea, that when you lose the higher proof you may offer the next best in your power. *The case admits of no better evidence than that which you possess, if the superior proof has been lost without your fault.* The rule does not mean that men's rights are to be sacrificed and their property lost, because they cannot guard against events beyond their control. It only means, that so long as the higher or superior evidence is within your possession, or may be reached by you, you shall give no inferior proof in relation to it. Particular rules which require written proof, always relax themselves to meet absolute necessity, or that necessity which is occasioned by occurrences common among men.

The existence, loss, and contents of a will, may be proved by parol testimony.

There is nothing in a will being required to be in a particular form, which makes it an exception to this great law of necessity. It may increase the difficulty of the proof, but furnishes no reason to refuse hearing it. The court in this case, had proof before them which much diminished the danger of

parol evidence.   Extracts from the records of the Court of
Probates,  shewed that the  judge had  ordered the will to be
executed,  because he had ordered that property bequeathed
by it, should be sold.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be annulled, avoided, and re-
versed; and it is further ordered, adjudged and decreed,  that
the cause be  remanded to the District Court, with directions
to the judge not to reject   parol  proof of the execution of
the will of Joseph Thomas, and of its loss.   And it is further
ordered, that the appellees pay the costs of this appeal.