62 So.2d 399

**LOVE et al. v. DAWKINS.**

No. 40583.

Dec. 15, 1952.

Kay & Kay, De Ridder, for plaintiffs-appellants.

Ragan D. Madden, Ruston, for defendant-appellee.

LE BLANC, Justice.

On October 2, 1950, James R. Dawkins, defendant in this proceeding, presented for probate to the district judge of the Third Judicial District in and for the Parish of Union, what was purported to be the olographic last will and testament of Mrs.

Elizabeth Mosley Crow who had died on August 31, 1950. In accordance with the terms of the said will by which he was named and appointed testamentary executor, he asked to be confirmed as such and for an inventory of the property left by the decedent.

On that same day, the will was probated, Dawkins' appointment as executor was confirmed and an inventory was ordered to be taken.

On February 19, 1951, the present proceeding was instituted by Elizabeth Love, Metz Love and Chaille M. Love, alleged presumptive heirs at law of the succession of Elizabeth Mosley Crow, in which they seek to have her purported will which had been probated, declared null and void and the ex parte proceedings taken thereunder annulled, recalled and set aside. Subsequently, on March 14, 1951, Clyde E. Love, an incompetent who had been adjudged so by an order of Court, was made a party to the proceeding through a duly appointed curator ad hoc.

The will under attack was sought to be annulled on two grounds: (1) That, as appears on its face, the date on which it is purported to have been written is doubtful and uncertain to such an extent that it is impossible to determine the date of its execution and as a consequence, that is the same as if it was not dated at all; and (2) that at the time of its execution the testatrix was in such condition both physically and mentally that she lacked the necessary testamentary capacity to dispose of her property. The attack on the second mentioned ground has now been abandoned.

The matter was tried and submitted in the district court on an agreed stipulation of facts and resulted in judgment in favor of the defendant rejecting the demands of the plaintiffs and upholding the validity of the will. Plaintiffs appealed.

From the foregoing statement it becomes apparent that the only question presented relates to the validity of an olographic last will and testament with regard to the requirement of Art. 1588 of the LSA–C.C. that it be dated. The Article reads in full as follows: "The olographic testament is that which is written by the testator himself. In order to be valid, it must be entirely written, dated and signed by the hand of the testator. It is subject to no other form, and may be made anywhere, even out of the State."

We here reproduce those portions of the will that are necessary to consider the question that is involved in the case:

"Ville Platte, La.
"Aug. 31, 1946
"Will

"I, Mrs. Elizabeth M. Crow, being of sound mind, do make this my last will and testament, revoking all others.

*    *    *    *    *    *

"* * * This entirely written dated and signed in my in my (sic) own handwriting on this the 30th day of August, 1946.

"Mrs. Elizabeth Mosely Crow."

As is to be noted, Article 1588 of our Code which is similar to Article 970 of the Code Napoleon, requires only that the testament be *dated,* which requirement, the French Commentators and our own jurisprudence hold to mean that the *date* written by the testator must be one that is *certain,* and the contention made by the opponents of the will in this case is that when a will like the present bears two dates, there can be no certainty as to the date on which it was confected. Because of the importance which the law attaches to the act of a person in disposing of his property by last will and testament, there is good reason why all the formalities required in performing it are exacted. The reason why certainty of its date is required is to guard against any changes in his testamentary capacity, for instance, or of his intention to persist in his dispositions, or again, in the status of those who would otherwise inherit from him.

There are several cases decided by this Court in which a will was declared invalid because the date appearing on the instrument was uncertain. The latest perhaps is that of Succession of Buck, 208 La. 556, 23 So.2d 215, in which others are referred to. In Succession of Buck as well as in others cited therein, insofar as they are pertinent to the issue of certainty or un-

certainty, it appears that they involved wills in which one or more of the numerals used by the testator in writing the date had been superimposed or surcharged, or an attempt had been made to convert them, all of which resulted in creating such confusion, doubt and uncertainty as to make it impossible to say which was the exact date. In other cases, as Succession of Beird, 145 La. 756, 82 So. 881, 6 A.L.R. 1452, a date written entirely in numerals or figures was found to be uncertain because of the difference in custom among people in writing the date in that manner, some using the numeral for the month first and the date next, and others writing it in the reverse order.

In this case we are not confronted with any such sort of ambiguity. The only confusion which it is claimed exists is that the will has two dates and to evolve certainty a choice has to be made of either which of itself results in uncertainty.

But here again we are not without decisions of this Court bearing on the question of the validity of wills containing two separate dates. There are two such cases, Succession of Cunningham, 142 La. 701, 77 So. 506 and Picard v. Succession of Picard, 179 La. 746, 155 So. 11, which are pertinent to some extent.

In the Cunningham case [142 La. 701, 77 So. 507] the testator began his will by writing the date, "New Orleans La May 13–1914" and then wrote several disposi-

tions and also appointed an executor and a coexecutor. He followed this by writing another date, to-wit: "New Orleans La February 5th 1915" and closed it by writing the following: "Written in my own hand this fifth day of February 1915" and signed it. The trial judge upheld the instrument as a valid olographic will and, in affirming the judgment, this Court adopted his written reasons for doing so. In those reasons the trial judge cited the French Commentators, Demolombe in his Traïté des Donations, Vol. 4, pp. 118, 119, No. 129; Dalloz, Codes Annotés, Vol. 2, p. 575, Nos. 192, 193, 195, 196 and their discussions of Article 970 of the Code Napoleon, as authority. The comments of these writers is to the effect that a person may take several days to write his will and insert as many dates in the instrument, from which it would result, as is stated, that "assuredly such a testament would have several dates, but" the authorities cited continue with the statement that "no text opposes this, so long as the signature applies to all the dates equally; and the conclusion to be reached is, not that the date is uncertain, which would make the testament null, but simply that the testator has taken several days to write it, which would not prevent it from being valid."

In the Picard case the testament begins with the date, "July 18th, 1932" and ends as follows: "Thus done and signed this 18th day of August, 1932." The will was attacked on the ground that "the dates at the opening and closing thereof" were irreconcilable. But the lower Court did not agree with that contention and upheld the validity of the will, and in affirming the judgment, this Court followed the views and the reasoning of the Cunningham case.

Whilst the wills in both of these cases were construed on their own contents and without regard to any extrinsic matters, it is quite obvious that the conclusions reached, from the views expressed by the French writers, were based on the assumption that the testator in each instance took several days (in the Picard case, a whole month) to write and complete his will. The force of the reasoning in both cases seems to be conceded by counsel for plaintiffs but they attempt to differentiate them on the basis that whereas in both the dates in each will followed in regular sequence, in the present case there is no sequence as the thirtieth day of August, the date which appears last in the will, cannot possibly follow the thirty-first day of August, the date which appears first.

But counsel refers us to no cases or authority, and we find none, in which sequence in dates is made the test to determine certainty of the date when a will contains more than one. Indeed, there is authority in our jurisprudence to the effect that the law does not require that the date appear at any particular place in the body of the instrument. In the case of Jones v. Kyle, 168 La. 728, 123 So. 306, 307, there appears this pertinent statement:

"And the date to an olographic will may be placed at the head, at the foot, or in the body thereof; it may be placed even below the signature of the testator. Lagrave v. Merle, 5 La.Ann. 278, 52 Am.Dec. 589; Succession of Fuqua, 27 La.Ann. [271] 273; Zerega v. Percival, 46 La.Ann. 590, 15 So. 476."

The will in this case leaves no doubt itself that it was on the 30th day of August, 1946, that the testatrix made her dispositions in her own handwriting since she closed her will by stating "This entirely written dated and signed in my own handwriting on this the 30th day of August, 1946". The other date placed at the head of the instrument and before the word "Will" neither adds to nor does it detract from her dispositions as contained in the body of the will itself. However, if any consideration is to be given to that date, could not the assumption be indulged, as it was in cases where it was concluded that the testator took more than one day to complete his will, that the testatrix here, on the day following the writing and signing of the will reaffirmed her dispositions by inserting the later date? No reason suggests itself why not.

The will, except for the words "Ville Platte, La. Aug. 31, 1946", is all in one part. Those words are separated from the rest by the word "Will". The disposition and other declarations which follow appear in orderly form. The will contains but one signature following the solemn

declaration by the testatrix that it was written, dated and signed in her own handwriting. That signature applies equally to both dates which the instrument bears and that, it appears from the authorities cited, is what is important and makes the date sufficiently certain to maintain the validity of the will.

For the reasons stated the judgment appealed from is affirmed at the costs of the plaintiffs, appellants, herein.