144 So.2d 896 (1962)
Succession of Mrs. Catherine SCHELLANG, Wife of George H. MAYER.
No. 630.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1962.
Rehearing Denied October 15, 1962.
*897 Vic Choppin, Jr., New Orleans, for George H. Mayer, plaintiff-appellant.
Frank L. Micholet, New Orleans, for intervenor.
Before HARDY, WOODS and DIXON, JJ.
HARDY, Judge.
The succession of decedent, Mrs. Catherine Schellang, was opened by petition of her surviving husband, George H. Mayer, filed in the Civil District Court for the Parish of Orleans on June 9, 1961, in which he tendered for probate the asserted last will and testament of decedent in olographic form. Probate of the will was refused by the district judge on the ground that the date of said instrument, represented by what may be called either the slash or virgule punctuated form, "10/3/50" was not a certain date. From this judgment the petitioning husband has appealed.
On June 27, 1961, without knowledge of the surviving husband's action in opening the succession of his deceased wife and praying for the probate of her olographic will, the presumptive heirs filed a petition in the Civil District Court for the Parish of Orleans, opening the succession of the decedent as an intestate proceeding. Subsequent to the rendition of judgment in the instant case on July 5, 1961, the presumptive heirs learned of this proceeding, and upon their petition, after the appeal was lodged in this court, they were permitted to intervene in this appeal in the capacity of appellees.
The sole issue presented by this appeal is whether the date above noted"10/3/50"is uncertain and therefore constitutes a vice of form contrary to the requirements for olographic wills as provided in LSA-C.C. Article 1588 so as to strike the asserted testament with nullity, leaving it void and of no effect.
We concur with the reasoning of our learned brother of the district court in observing that the last direct pronouncement by our Supreme Court on this point is found in the Succession of Beird, 145 La. 756, 82 So. 881, 61 A.L.R. 1452 in which it was held that the asserted date of "9/8/18" did not constitute a certain date, therefore failed to meet the requirements of law as to form and consequently invalidated the olographic testament. This principle was somewhat recently confirmed by the Supreme Court in Succession of Mutin, 232 La. 416, 94 So.2d 420, in which Mr. Justice McCaleb made the following observation in the course of his opinion:
"If an olographic will is undated or contains an uncertain date, its nullity results from a vice of form. Hence, it matters not whether the testator intended a particular date or not as extrinsic evidence cannot cure the defect. An uncertain date is the equivalent of no date at all and the sufficiency and certainty of [it] must be determined from the face of the will." (Citing numerous authorities.)
Under the above authorities we have no alternative except to affirm the judgment appealed from at appellant's cost, and it is so decreed.
Despite the above stated conclusion, and at the risk of being considered obnoxious, we are so gravely impressed with the injustice of this conclusion in the instant case that we cannot refrain from a gratuitous elaboration of what we think would be a more justified, though contrary, determination, particularly under the facts of the instant case.
First, we would point out that the codal requirement simply provides that the olographic testament must be dated and does not require that such date be certain, which connotation has been read into the article by commentators and jurists. Using *898 the instant case as an example, we cannot conceive of any serious effect upon the form of the will because of the use of the date "10/3/50". It would appear to us to be of no importance whether the above date was intended to be October 3, 1950, or March 10, 1950. In the Beird case the opinion of the court by Mr. Justice Dawkins justified the rule of strict interpretation on the following ground:
"It is hardly necessary to mention the reasons for this strictness, especially as to date, considering, as we must, that a person has the right to make as many wills as he chooses, and that the last, under the law, at least in so far as it may conflict with prior ones, has the effect of revoking their dispositions. The date, therefore, must be certain and beyond speculation."
The validity of this line of reasoning in any case which involves a conflict between two or more wills, and with respect to which the date is a matter of material importance, cannot be questioned. However, we do not perceive the relevance of this reasoning in a case involving only one will, which, except as to the form of date, clearly expresses the intention of the testator in making dispositions mortis causa. The clear purpose in the interpretation of wills is expressly set forth in LSA-C.C. Articles 1712 et seq., which, inter alia, provide that the intention of the testator must principally be endeavored to be ascertained; that dispositions must be understood in the sense in which they will be effective; that when from the terms used by the testator his intention cannot be ascertained, recourse must be had to "* * * all circumstances which may aid in the discovery of his intention."; etc. With reference to this point we quote from the opinion in Succession of Beattie, 163 La. 831, 112 So. 802:
"It is the policy of our law to carry out the wishes of deceased persons and not to push the legal requirements in such cases to extremes. And the tendency of our jurisprudence is to limit the rigid enforcement of the formalities required in the execution of wills only to those instances in which the law is palpably violated." (Emphasis supplied.)
While it is true that the above observation was not made with respect to the particular question here at issue, we nevertheless, regard it as a re-enunciation of a well established general principle appropriate to the instant case.
We are indebted to what we regard as a convincing expression of opinion along these same lines enunciated by Judge Miller in Succession of Gaudin, La.App., 140 So.2d 384, in which the court held that extrinsic evidence was admissible to prove the certainty of the date of an olographic will set forth in the slash form, and that such evidence established with certainty that the date of "9/12/55" was September 12, 1955. Writs were granted by the Supreme Court in the cited case, but, unfortunately, were dismissed by joint motion, and, therefore, the important legal issues involved were not reconsidered by our highest appellate tribunal.
Finally, we venture to observe that the refusal to accept the slash date form is unrealistic in a time when, almost without exception, it is used, understood and recognized on any number of instruments in commerce, such as checks, notes, etc., and in private writing.
For the reasons above developed, and others upon which we have not touched, we sincerely feel that the issue presented is worthy of reconsideration and re-evaluation by the Supreme Court, not solely upon the basis of established jurisprudential precedent but in the light of practical considerations and modern practices.
As observed above, we do not feel it within our province to resolve the instant case upon the basis of our views, but consider that we are obliged to follow the pronouncements of the Supreme Court as *899 evidenced by the authorities above noted. In common with the members of the Light Brigade:
"Ours not to reason why; Ours but to do or die."