DAWKINS, J.
Clarence C. Beird died leaving the following instrument as his last will and testament, to wit:
“9/8/18.
“Should anything happen to me I want Blrs. C. A. Mains to have all my goods and money.
“C. C. Beird.”
It was presented to the court below by the legatee, Mrs. Mains, for probate, who at the same time asked to be appointed dative testamentary executrix. An attorney for absent heirs was appointed, and he thereupon attacked the will on several grounds. In the meantime, the public administrator for the parish of Orleans appeared and opposed the application of Mrs. Mains, and later was appointed dative testamentary executor without prejudice to the attack upon the will.
After hearing, the lower court declared the document ineffectual as a will on the ground of the absence of a lawful date.
The legatee, Mrs. Mains, has appealed.
It is conceded in the briefs on both sides that all other issues have been eliminated, save and except the question of date.
The lower court rendered an able and well-considered opinion, in which both the French authorities and jurisprudence of this court are cited in support of the conclusion reached, and in which the common-law decisions are clearly differentiated from those of the civil law, under which the question of validity of a will must be determined in this state.
Article 1588 of the Revised Civil Code, which is the law governing the form of olographic wills, provides:
“The olographic testament is that which is written by the testator himself. i
“In order to be valid, it must be entirely written, dated and signed by the hand of the testator. It is subject to no other form, and may be made anywhere, even out of the state.”
Counsel for appellant concedes that, under this and other articles of the Code, a will, to be valid, must be dated, but contends that by well-recognized custom and usage, the figures, “9/8/18,” are generally understood to mean, in their respective order, first, the month, second, the day of the month, and, third, the year of the century in which the document is written and that the courts may take judicial cognizance thereof.
[1] Certain extrinsic evidence was offered on behalf of the proponent of . the will, over the objection of the attorney for absent heirs, and the lower court at first overruled the objection and admitted the evidence, but later reversed itself and excluded all further proof on that score, holding, as we think, correctly, that the sufficiency of the date must be determined from the face of the will. Heffner v. Heffner, 48 La. Ann. 1088, 20 South. 281.
While it is true the custom prevails and is in daily use of dating letters by the use of figures alone to represent the day, month, and year, at the same time there is almost as much variance in the order in which the month and day is written as there is in the use of words and figures. Some write the month first and the day of the month next, while others write the day first and the month second, and in a case like the present, where both the figures intended to represent the day and the month are less than thirteen, under this well-recognized variance, it is impossible to tell whether the deceased intended to write September 8th, or the 9th of August. If we are to take cognizance of the *759 custom of using figures or abbreviations in writing dates, we are equally bound to take cognizance of tbe well-recognized variance in the methods of using that custom.
Again, we have held that, where the whole will was written in the hand of the deceased, save the figures representing the century, as in 1902, the 1 and 9 and 0 being printed, the same was void, because not being wholly written and dated in the hand of the testator. If the contention now made — that is, that the court may take cognizance of the century in which the will is written — the court might well have done so in that case (Succession of Robertson, 49 La. Ann. 868, 21 South. 586, 62 Am. St. Rep. 672), for article 1589 of the Code provides:
“Erasures .not approved by the testator are considered as not made; and words added by the hand of another as not written. * * * ”
[2-4] However, the fundamental weakness in such contention is that the court is called upon to supply from sources outside of the will something which does not appear on its face. There is no word or symbol to denote that part of the year which would tell the century in which the document was written. If this were not so, in the Robertson Case, it could easily have been said that the printed figures in the year of the date of the will, under the article of the Code just quoted from, should be treated as not written, and that a- sufficient date would have still remained. However, we have uniformly applied the rule of strict interpretation to wills, and to be valid, in the language of the Code, they “must be entirely written, dated and signed in the hand of the testator.” It is hardly necessary to mention the reasons for this strictness, especially as to date, considering, as we must, that a person has the right to make as many wills as he chooses, and that the last, under the law, at least in so far as it may conflict with prior ones, has the effect of revoking their dispositions. The date, therefore, must be certain and beyond speculation. Tested by this rule, the document assailed here fails to .meet the requirements of the law.
For the reasons assigned, the' judgment appealed from is affirmed, at the cost of the appellant.