ROGER.S, J.
 

 The de cujus left an olographic will, the second and third paragraphs of which are in the following language, viz.:
 

 “After all my just debts are paid, I desire to give and do hereby give and bequeath unto Lionel Larrieu the sum of two thousand dollars ($2,000.00/100) cash.
 
 I revoke the donation to Lionel Larrieu my clei-k.
 

 “The balance of my estate of every kind and character whatsoever, I leave unto my wife, Salome Kern Guiraud, and hereby appoint her executrix of this my last will and testament with full seizin and without requiring any bond.” (Our italics.)
 

 After the will was admitted to probate, Lionel Larrieu brought suit in the mortuary proceedings for the payment of his legacy, alleging that the attempted revocation thereof (appearing in the words which we have hereinabove italicized) is null. From a judgment in his favor, this appeal was taken.
 

 The position of the plaintiff is that the attempted revocation was executed subsequent to the completion of the testament and is null for want of date and signature. .The question presented is res nova, so far as we have been able to find.
 

 Testaments are revocable at the will of the testator until his decease. He cannot renounce nor restrict this right. Giv. Code, art. 1690. The revocation may be express or tacit. It is express when the testator so declares in writing. It is tacit, when, without expressly revoking it, he has made another disposition repugnant to or inconsistent with the previous one, or when he has done an act from which the intention to revoke may be fairly deduced. Civ. Code, arts. 1691, 1692; Succession of Müh, 35 La. Ann. 394, 48 Am. Rep. 242.
 

 It is admitted that the entire will, as probated, was written, dated, and signed by the testator. But the revoking clause seems to have been written in ink of a different shade, possibly with a different pen, and the letters composing its words are slightly smaller, than the other portions of the instrument. And plaintiff argues that this fact, and the apparent inconsistency resulting from the disposition of the
 
 balance
 
 of the estate to the testator’s wife, is the internal evidence of the testament itself, showing that the revocation was not made until after the will had been written, dated, and signed.
 

 On the face of the will there is no interlineation nor addition which the law considers as not written. Civ. Code, art. 1589. The revoking clause constitutes a new sentence in the same paragraph, and immediately follows the disposition to plaintiff. The clauses are continuous, and that it was the intention of the testator to annul by the. second clause what was done by the preceding clause cannot reasonably 'be doubted. Both clauses are parts of an instrument clothed with all the forms required for the .validity of an olographic will.
 

 It is not necessary for the validity of an olographic will that it be written on the same day, at one time, and in the same ink. It suffices that it be written entirely, dated, and signed by the hand of the testator. Succession of Cunningham, 142 La. 701, 77 So. 506.
 

 There is no room here for applying the presumptions invoked by plaintiff. The revoca
 
 *623
 
 tion of his legacy was not accomplished by a separate instrument nor by an independent clause placed at the end of the will. It appears in the body, and is an integral part, of the testament itself. Even if the clause was inserted after the will was signed, and on a day actually subsequent to its date, it was the act of the testator himself, and the date and the signature apply to all that precede them, and make the instrument in its entirety a valid olographic testament.
 

 “When a person has ordered two things, which are contradictory, that which is last written is presumed to be the will of the testator, in which he has persevered, and a derogation to what has before been written to the contrary.” Civ. Code, art. 1723.
 

 Our conclusion is that the testator intended to revoke, and did validly revoke, the legacy to the plaintiff; and the revocation must be given effect to by the court.
 

 Eor the reasons assigned, the judgment appealed from is set aside, and it is now ordered that there be judgment herein in favor of Mrs. Salome Kern Guiraud, testamentary executrix, defendant, and against Lionel Larrieu, plaintiff, decreeing that the particular legacy to plaintiff in the will of Máxime Guiraud, deceased, is null and void, having been revoked, and that the demand of the plaintiff for the recognition and payment of said legacy be rejected at his cost.
 

 O’NIELL, C. J., concurs in the decree, on the ground that, when it is not disputed that a will is entirely written, dated, and signed in the handwriting of the testator, everything that is written therein under the date of the will and above the signature of the testator is presumed to have been written on th,at date, and bears that date; and testimony is not admissible for the purpose, of proving' that it was actually written on some other date.