BRUNOT, Justice.
 

 Joseph R. Picard died August 19, 1932. He had no forced heirs. He left an estate consisting of tangible and intangible property, and a last will and testament, in the olographic form, in which he bequeathed to his wife,
 
 *747
 
 Mrs. Elizabeth Láwrenee Picard, who survived him, the entire estate of which he died possessed. The will reads as follows:
 

 “July 18th, 1932.
 

 “I, J. R. Picard, being of sound mind and in my own handwriting make this my last will and testament:'
 

 “I give and bequeath all of my earthly possessions both tangible and intangible to my beloved wife, Mrs. Elizabeth Lawrence Picard, and hereby appoint her administrator without bond. Thus done and signed this 18th day of August, 1932.
 

 “J. R. Picard.”
 

 The will was admitted to probate, Mrs. Elizabeth Picard, the executrix named therein, was confirmed, and letters testamentary were issued to her.
 

 This is a suit, by a brother of the deceased, in which he prays for judgment annulling the probate of the will, the confirmation of Mrs. Elizabeth Lawrence Picard as executrix, and the revocation of the letters testamentary issued to her.
 

 The suit is based upon the alleged nullity of the will, because the dates at the opening and closing thereof are irreconcilable.
 

 The suit was excepted to upon the ground that the petition did not disclose a right or cause of action. After a hearing thereon, the exceptions were maintained and the plaintiffs suit dismissed at his cost. The appeal is from that judgment.
 

 The text of the will is not questioned. Therefore the only issue the appeal presents to this court is whether or not the two dates appearing on the instrument cause such uncertainty as to its true date as to invalidate it as a testamentary disposition.
 

 In the interpretation of an act of last will, the intention of the testator must be sought, O. O. art. 1712, and the will must be interpreted so as to give validity to it if possible. Succession of May, 109 La. 996, 34 So. 52. This is an olographic will. C. O. art. 1588, is as follows:
 

 “The olographic testament is that which is written by the testator himself.
 

 “In order to be valid, it must be entirely written, dated and signed by the hand of the testator. It is subject to no other form, and may be made anywhere, 'even out of the State.”
 

 The question presented in this case is not a new one. In Succession of Cunningham, 142 La. 701, 77 So. 506, 510, the will bore two dates. At the beginning it was dated “May 13, 1914,” and it was concluded as follows: “Written in my own hand this fifth day of February 1915.”
 

 Mr. Cunningham’s will was held to be valid, and the court, in support of its conclusion, quoted from the commentators on article 970 of the Code Napoleon, which is similar to article 15S8 of our Civil Code, the following:
 

 “ ‘It must be remarked that the testator is not bound to write his dispositions in one context or in one day. Article 970 does not require for the olographic testament, as article 976 for the act of superscription of a mystic testament, that it be done without interruption or turning aside to other acts. * * * But when the testator has taken several days
 
 *749
 
 to make his testament, the accomplishment of the formality of the date and of the signature must he particularly ascertained. * * * The testator, even after having taken several days to write his dispositions, can limit himself to one date; that is to say, to the date of the day on which he has completed them, and to a single signature for the whole. * * * In the same way, he may put several dates, as many dates as days, and use only one signature. * * * Assuredly such a testament would have several dates, but no text opposes this, so long as the signature applies to all the dates equally; and the conclusion to be reached is, not that the date is uncertain, which would make the testament null, but simply, that the testator has taken several days to write it, which would not prevent it from being valid.’ Demolombe, Traite des Donations, vol. 4, pp. 118, 119, No. 129; Dalloz, Codes Annotes, vol. 2, p. 575, Nos. 192, 193, 195, 196.
 

 “ ‘And even an olographic testament bearing two different dates, one at the beginning and another at the end, cannot be annulled under pretext that there is no certainty in the date. It must be supposed that the testator has employed several days in making his testament.’ Id. No. 104.”
 

 In the Succession of Guiraud, 164 La. 620, 114 So. 489, 490, this court cited the Succession of Cunningham, and said:
 

 “It is not necessary for the validity of an olographic will that it be written on the same day, at one time, and in the same ink. It suffices that it be written entirely, dated, and signed by the hand of the testator.”
 

 The appellant relies upon the following cases: Succession of Armant, 43 La. Ann. 310, 9 So. 50, 26 Am. St. Rep. 183; Succession of Beird, 145 La. 756, 82 So. 881, 6 A. L. R. 1452; Succession of Curtis, 149 La. 487, 89 So. 629; Succession of McCay, 166 La. 681, 117 So. 772; Succession of Kron, 172 La. 666, 135 So. 19.
 

 In Succession of Armant the court found that the instrument presented for probate was not signed by the testatrix. In Succession of Beird the writing was dated “9/8/18.” The court held the date to be too uncertain. In Succession of Curtis the court found that the will was not written or signed by Mrs. Harriet M. Curtis. In Succession of McCay the alleged uncertainty of the year date was the issue presented. In Succession of Kron the sole question was whether “January llth/27” was a sufficient date for an olographic will.
 

 It is clear that the cited authorities have no application to the question presented in this case.
 

 For the reasons stated, the judgment appealed from is affirmed at appellant’s cost.
 

 ST. PAUD, J., absent.