MILLER, Judge.
Dorothy Boyd died August 26, 1973, leaving an olographic will dated “2-8-72”. The universal legatee Charles E. Kerlin obtained an ex parte order probating the will. The trial court sustained the attack on the will brought by decedent’s surviving children T. C. Miller, Jr. and Alice Cleo Bradley for these written reasons:
The purported testament is olographic in form. At the top of the testament, Dorothy Boyd wrote “2-8-72”. Civil Code Article 1588 requires that an olographic testament, in order to be valid, must be entirely written, dated and signed by the hand of the testator. Our Supreme Court in Succession of Beird [145 La.756], 82 So. 881 (1919), held that a "slash” date does not satisfy the requirements of Article 1588 and a testament dated in that manner is invalid for lack of a date. This Court is bound to follow this ruling of our highest Court.
We reverse.
The trial court allowed extrinsic evidence to be introduced. This evidence established that testatrix more frequently than not used “slash” dates and when using “slash” dates, testatrix uniformly numbered the month, date, and year in that order. If the extrinsic evidence can be considered, it was established that testatrix used 2-8-72 to mean February 8, 1972.
The trial court ruled that the extrinsic evidence could not be considered and held the will invalid. The primary issue on appeal is limited to the question of whether or not extrinsic evidence can be introduced to establish the “written, dated and signed” requirements of LSA-C.C. art. 1588. We find that more cases have allowed and considered extrinsic evidence than have rejected it.
We are impressed with the reasons assigned in both the first and second decisions in Succession of Gaudin, 98 So.2d 711 (La.App. 1 Cir. 1957); 140 So.2d 384 (La.App. 1 Cir. 1962). Writs were applied for following the first decision, but the application was denied with two justices dissenting. Writs were granted to review the second decision, but the litigants settled the case before it was submitted for decision.
In Succession of Mayer, 144 So.2d 896 (La.App. 4 Cir. 1962), the court noted its agreement with the reasoning in Gaudin and observed “that the refusal to accept the slash date form is unrealistic in a time when, almost without exception, it is used, understood ,and recognized on any number of instruments in commerce, such as checks, notes, etc., and in private writing.” 144 So.2d at 898. The court nevertheless held the slash dated will to be invalid on finding itself bound by the decisions of Succession of Beird, 145 La. 756, 82 So. 881, 6 A.L.R. 1452 (1919) and Succession of Mutin, 232 La. 416, 94 So.2d 420 (1957). In Mayer, the court concluded that “the issue presented is worthy of reconsideration and re-evaluation by the Supreme Court. . . . ” 144 So.2d at 898. Writs were not sought.
In Succession of Gafford, 180 So.2d 74 (La.App. 2 Cir. 1965), an olographic codicil dated 10/3/60 was found to be dated October 3, 1960 and the codicil was upheld. The codicil stated that it was written because of the death of the named executrix. Extrinsic evidence was considered to determine the date of death of the former executrix. This extrinsic evidence established *489 that “10” referred to the month rather than the date. Nevertheless, extrinsic evidence was allowed to determine that the “slash” date was October 3, 1960.
Since the Supreme Court decided Succession of Beird, 145 La. 756, 82 So. 881 (1919), the court has handed down Succession of O’Brien, 168 La. 303, 121 So. 874 (1929) and Succession of Nunley, 224 La. 251, 69 So.2d 33 (1953). Both cases allowed extrinsic evidence to supply not only the date of the olographic will, but to also supply the entire “written, dated and signed” requirements of LSA-C.C. art. 1588. In both Picard v. Succession of Picard, 179 La. 746, 155 So. 11 (1934) and Love v. Dawkins, 222 La. 359, 62 So.2d 399 (1952), the court upheld an olographic will bearing two different dates.
We note that in Succession of Koerkel, 174 So.2d 213 (La.App. 1 Cir. 1965), at 174 So.2d 221 the first circuit, in effect, repudiated its holdings in the Succession of Gaudin cases. Although a “slash” date was not there involved, it was held that extrinsic evidence was inadmissible in that case to resolve doubt concerning an obscure, vague and uncertain date of decedent’s olo-graphic will.
We nevertheless subscribe to the reasoning expressed in both Succession of Gau-din cases, supra. The Civil Code art. 1588 requirement that the will be dated by testator does not detail the manner in which the date is to be stated. There is no suggestion that when testatrix wrote 2-8-72 for the date, she meant a date other than February 8, 1972. To defeat her will on such a technicality is to defeat her right to dispose of property and such an interpretation is not required by C.C. art. 1588.
The evidence in this record establishes that Dorothy Boyd used 2-8-72 to date her last will and testament February 8, 1972. This date meets the C.C. art. 1588 requirement that the will be dated.
Opponents to the will alternatively argue that there is a surcharge over one of the numerals in the date rendering it not clearly visible and therefore vague and indefinite. This argument is based on a light mark on the number “7” which if clearer might suggest the number “8”. Not one witness supported opponents’ contention. The number “7” is clearly written and the trial court’s finding that “ . . . Dorothy Boyd wrote ‘2-8-72’ ” at the top of the instrument is totally supported by the evidence.
Finally opponents attack the disposition of a 1969 automobile in that the disposition appears below testatrix’s signature. We do not reach this issue for the reason that the dispositions appearing in the body of the testament exceed the disposáble portion. Without the bequest of the automobile, the specific bequests to Charles E. Kerlin must be reduced.
The trial court judgment is reversed and the olographic testament of Dorothy Boyd written, dated 2-8-72 for February 8, 1972, and signed in her own hand, is declared to be duly proved in accordance with law. The testament is ordered filed and recorded in the office of the Clerk of Court, Rapides Parish, Louisiana, and executed according to law. Costs of this appeal are charged against the Succession.
Reversed and rendered.
DOMENGEAUX, J., dissents and assigns written reasons.