306 So.2d 687 (1975)
Succession of Dorothy BOYD.
No. 55093.
Supreme Court of Louisiana.
January 20, 1975.
*688 David A. Sheffield, Alexandria, for plaintiff-applicant.
F. Jean Pharis, Pharis & Pharis, Alexandria, for defendant-respondent.
DIXON, Justice.
Dorothy Boyd left a will dated "2-8-72," which was probated at the instance of Charles E. Kerlin, the legatee. Decedent's two children, Thomas C. Miller, Jr. and Alice Cleo Harwood Bradley, seek a declaration of invalidity of the will because of the date. Upon the authority of Succession of Beird, 145 La. 756, 82 So. 881 (1919), the district judge held the will invalid.
The Court of Appeal reversed. Succession of Boyd, 295 So.2d 487 (La.App. 1974). We granted writs to review the conflicting jurisprudence, and we now affirm the Court of Appeal.
C.C. 1588 provides:
"The olographic testament is that which is written by the testator himself.
"In order to be valid, it must be entirely written, dated and signed by the hand of the testator. It is subject to no other form, and may be made anywhere, even out of the State."
Since the formal requirements for validity are few and specific, many wills are confected without the assistance of lawyers. The strong public policy of the State, sustaining the validity of wills and giving effect to the testator's wishes when possible (Succession of LaBarre, 179 La. 45, 153 So. 15 (1934)), combined with the high incidence of wills written without legal assistance, have resulted in much litigation over dates, alone. Most of the cases are collected and noted in 10 Louisiana Civil Law Treatise, §§ 109, 197 (Oppenheim, Successions and Donations). Case notes are found at 32 Tul.L.Rev. 332, 36 Tul.L.Rev. 370 and 37 Tul.L.Rev. 153. See also 26 La.L.Rev. 468.
In 1896 this court held that a will which concluded "this___day of June 1893" was an invalid holographic will because "the month, without the day, is no date." Heffner v. Heffner, 48 La.Ann. 1088, 20 So. 281.
In the Succession of Robertson, 49 La. Ann. 868, 21 So. 586 (1897), a will was invalidated; the will had been written on a printed letterhead on which the figures "189" were in print. The testator wrote "Dec. 12" and after the printed "189" wrote the figure "2" in order to make out the date December 12, 1892.
In 1916 the Succession of Lefort, 139 La. 51, 71 So. 215, was decided. There was considerable doubt about the date which appeared on the will. Two different years, 1908 and 1913, were present on the document. In another place the year was illegible. The day appeared to be "May 2G." The court approved the use of extraneous evidence to determine the date, concluded that the date of the will was May 26, 1913, and sustained its validity. The most persuasive portion of the opinion was an analysis by the judge ad hoc who wrote the majority opinion, which analysis was ignored in subsequent cases:
"`Hence the only question presented by the exception of no cause of action is this: Must the olographic testament speak for itself and express its date with certainty and precision upon its face, or may an uncertainty or doubt as to the date, appearing on the face of the instrument, be removed by testimony as to when the document was or must have been written?'
"We are all agreed upon the proposition that an uncertain date is equivalent to no date, and that a document with no date, or with an uncertain date, cannot be a valid will. But the question at once arises, What is an uncertain date? *689 "There is a physical difference between a document without a date and one with an uncertain date. There is a legal difference between supplying a missing date, or any part of it, by facts outside of the will, and establishing certainty concerning an ambiguity or uncertainty or doubt in an existing date. The former cannot be done, because it is of the essence of the validity of a will that it be dated `by the hand of the testator' (C.C. 1588 (1581)), and it cannot be `dated' in any other way. But there is no law that prevents the courts from hearing testimony and entertaining evidence to throw light upon an obscure date, and remove all doubt, uncertainty, or ambiguity concerning it. Reason dictates it, and justice demands it, in order that the right accorded by law to make a will shall be protected, and not defeated by technicalities. Any evidence, recognized by law and not expressly prohibited by statute, calculated to convince the court and establish the certainty of the date, should be admitted and heard. The whole question resolves itself into a matter of proof. If the uncertain date can be made certain by other parts of the will or by any other means, it ceases to be uncertain and becomes certain and valid. `Id certum est quod certum reddi potest.' If the evidence fails in its object, and the date remains uncertain, then the document wants the requisites of the law, and it is not a will. An uncertain date is therefore a date which cannot be made certain. The Code provides (C.C. 1714 (1707) to 1716 (1709)) that in case of an ambiguity or obscurity in the description of a legatee, or in the intention of the testator, or in the object bequeathed, testimony shall be heard to remove the ambiguity and establish certainty in the name of the legatee, the thing bequeathed, or the intention, in order that the will of the deceased shall be executed. Why should not an uncertainty in the date of a will be corrected by the same reason and by the same evidence? We believe that such a course is authorized by the opinions in the Successions of McDonogh, 18 La.Ann. 419, and Gaines, 38 La.Ann. 123, and other authorities quoted in our original opinion. Those decisions submit all wills attacked for nullity to all such proof as prevail in all contested facts or cases. It is an elementary rule of evidence that a writing in which there is no ambiguity cannot be interpreted by parol; but that an ambiguity in any of its parts, as to names, identity of parties, meaning of words, quantity, extent, or nature of thing sold or leased, consideration, value, may be removed by any evidence known to the law. 1 H. D. vo. Evidence, XV (3).
"We have examined many French commentators on article 970 of the Code Napoleon, and we do not understand that they conflict with our views on the question of elucidation of uncertainties in the date of wills. Of course the date, as well as the dispositions, of the will must appear from the will. `Ex ipsomet testamento non aliunde, no extrinsecus.' But they agree that an erroneous or an uncertain date, like ambiguities in dispositions, may be corrected or made certain by other parts of the will, or by recitations and circumstances appearing upon the face of the will, which may be corroborated by other facts and circumstances outside of the will.
"According to them, a will may be dated on the anniversary of any religious, matrimonial, or family event, the date of which may be ascertained by extraneous evidence; such as the anniversary of the birth of Washington, Easter Sunday, anniversary of the marriage of the testator, or of the birth of his child. 7 Aubry & Rau, p. 103, No. 2; 10 Baudry-Lacantinerie, p. 51, Nos. 1933, 1934; 21 Demol. (4 Don. et Test.) No. 83, p. 77; 9 Duranton, p. 29, No. 30; 16 Dalloz, Rep. de Leg. p. 757, Nos. 2654, 5, 6; Fuzier-Herman on C. N. 970, p. 656, Nos. 116, 117; 1 Grenier, No. 228 bis. p. 486; 13 Laurent, Nos. 194, 199; 33 Merlin, Rep. p. 352; 5 Toullier, No. 365, p. 342; *690 3 Troplong, p. 46, No. 1482." (71 So. at 235).
In 1918 the Succession of Cunningham, 142 La. 701, 77 So. 506, upheld the validity of a will which contained more than one date. Justice O'Niell concurred for the purpose of predicting the overruling of the decision in Succession of Lefort, supra, a case in which he had been recused.
In 1919 the Succession of Beird, supra, ignoring the Succession of Lefort, supra, held that a will dated "9/8/18" was invalid, because it was impossible "to tell whether the deceased intended to write September 8th, or the 9th of August," and that the date "must be certain and beyond speculation."
The Succession of Cunningham, supra, was cited in Succession of Guiraud, 164 La. 620, 114 So. 489 (1927), to stand for the proposition that an olographic will need not be written on the same day, at one time, and will be sustained if it is written, dated and signed by the testator.
The Succession of McCay, 166 La. 681, 117 So. 772 (1928), involved a testament in which a figure "5" had been superimposed upon a figure "3;" the question was whether the date was 1923 or 1925. No particular need for accuracy was demonstrated; the opponents of the will simply claimed that the date was uncertain. The court held that testimony of handwriting experts was inadmissible, that "extrinsic evidence as to date cannot be received" but that mere examination showed that the date was 1925.
In Jones v. Kyle, 168 La. 728, 123 So. 306 (1929), there was another will written on a printed letterhead. The first date appeared as January 10th, 1914. The "191" was in print. Following the signature appeared another date "April 11/1919." The validity of the will was sustained.
In Succession of O'Brien, 168 La. 303, 121 So. 874 (1929), extrinsic evidence was admitted to supply all the provisions of the original will, which had previously been destroyed with the linen from the deathbed of the decedent.
The Succession of Kron, 172 La. 666, 135 So. 19 (1931), held "January 11th/27" to be "legal and sufficient." The court engaged in the presumption that existed at that time in C. C. 70 that a person is presumed to be dead after the lapse of one hundred years from his birth, and since the testator died in 1927, he could not have written the will in 1827. Some of the reasoning in Succession of Beird, supra, was criticized. Although the court resorted to extrinsic evidence to determine the date of birth of the testator, it made no specific reference to the use of extrinsic evidence to determine the date.
On the same day, the court decided the Succession of Wenling, 172 La. 673, 135 So. 21, holding that "Jan. 18/28" was a sufficient date. The Succession of Lefort, supra, was cited with apparent approval, repeating the following quotation:
"`Any evidence, recognized by law and not expressly prohibited by statute, calculated to convince the court and establish the certainty of the date, should be admitted and heard. The whole question resolves itself into a matter of proof. * * * If the evidence fails in its object, and the date remains uncertain, then the document wants the requisites of the law, and it is not a will.'"
The Succession of Heinemann, 172 La. 1057, 136 So. 51 (1931), held to no avail an attack on a will dated "Jan 2-1930," indicating that the usual form of writing the month and day may be substituted by an equivalent enunciation such as an historical anniversary or a religious or national festival.
The Succession of Caro, 175 La. 402, 143 So. 355 (1932) and the Succession of Coleman, 177 La. 898, 149 So. 513 (1933), followed the presumption announced in the Succession of Kron, supra, (that people don't live more than one hundred years) and found that the dates "March 26/25" and "Oct. 12/24" were dates certain.
*691 The Succession of Picard, 179 La. 746, 155 So. 11 (1934), sustained a will dated at the beginning "July 18th, 1932," but concluding "this 18th day of August, 1932."
In the Succession of Buck, 208 La. 556, 23 So.2d 215 (1945), the court concluded that the will presented was not written by the decedent, but, if it had been, it would be invalid because the dates appearing on the will were illegible.
In Love v. Dawkins, 222 La. 359, 62 So. 2d 399 (1952), a will dated "Aug. 31, 1946" at the beginning and dated "30th day of August, 1946" at the end was not invalid for having an uncertain date.
In the Succession of Sarrazin, 223 La. 286, 65 So.2d 602 (1953), the court struck down a will in which it was not certain whether the testatrix dated the will June 1944 or June 1, 1944. The court held that the testatrix had written over the numeral "1" in the year 1944, and that the date was uncertain.
In the Succession of Nunley, 224 La. 251, 69 So.2d 33 (1954), extraneous evidence was permitted to prove the entire contents of a will the original of which had disappeared.
Succession of Mutin, 232 La. 416, 94 So.2d 420 (1957), involved a will dated "Feb 2/9/54." The court held the date to be certain, but took pains to criticize the observations on application for rehearing by the author of the opinion in the Succession of Lefort, supra, calling them "pure obiter dicta." The court held that evidence was inadmissible to establish the date intended by the testatrix.
In 1957 the First Circuit Court of Appeal, in the Succession of Gaudin, 98 So.2d 711, interpreted the Succession of Kron, supra, as overruling the Succession of Beird, supra, and held that an olographic will dated "9/12/55" was a valid will. This court denied writs in the Gaudin case on February 10, 1958, for the reason, we are sure, that the judgment was not final, since the case had been remanded to the district court by the Court of Appeal. When the Gaudin case reached the Court of Appeal again in 1962 (140 So.2d 384), after a lengthy analysis, the Court of Appeal reaffirmed its first decision in Gaudin, holding that extrinsic evidence could properly be used to prove the certainty of the date. This court granted writs, but the case was compromised before further action was taken.
In 1962 a panel of judges sitting temporarily on the Fourth Circuit Court of Appeal decided in the Succession of Mayer, 144 So.2d 896, that extraneous evidence was not admissible to prove the certainty of the date "10/3/50;" the panel reached that conclusion because it felt compelled to follow the latest expression of the Supreme Court, although in disagreement with its reasoning.
In 1965 in the Succession of Koerkel, 174 So.2d 213, the First Circuit Court of Appeal overruled its previous holding in the Succession of Gaudin, supra.
Still later in 1965 the Second Circuit Court of Appeal sustained a codicil dated "10/3/60." The court purported to find evidence from the face of the will, which showed that the decedent had changed the beneficiary on September 14, 1960 because of the death of one who had been designated as the beneficiary. The codicil was also related to the death of that beneficiary, and therefore it was certain that the date was October 3, 1960 and not March 10, 1960. Succession of Gafford, 180 So.2d 74.
It is interesting to note that in none of the cases involving dates of olographic wills were the dates of any significance or relevance, except to fulfill the codal requirement that the will be written, dated and signed by the testator. It is easy to see that, without a history, it might be assumed by early jurists in Louisiana that there would be occasions the correct date of a will would be of significance, to decide, for example, it was written before or after the birth of a child, or whether it *692 was the last of two wills, or whether it was written when the decedent had testamentary capacity. That occasion surely will arise, but it has not yet proved a significant reason for requiring precision in the date.
We have arrived at this point in Louisiana: if the will is lost, the entire will can be proved by extrinsic evidence, including the date; if the century of the date is uncertain, extrinsic evidence, such as the date of death of the testator, may be used to make the date certain; if the will bears two different dates, it is not stricken with invalidity.
The object of the law is surely not to frustrate the will of the testator. The approach used in the Succession of Lefort, supra, is supported by reason, and comes much closer to accomplishing the public policy of the State (by giving effect to the will of the testator when not prohibited by statute) than the "rule of strict interpretation" enforced by the court in Beird. There is a physical difference, said the court in Lefort, between a document without a date and one with an uncertain date. An absent date cannot be supplied, for it must come from the hand of the testator. An ambiguous date is an entirely different matter. There is no reason why "[a]ny evidence, recognized by law and not expressly prohibited by statute, calculated to convince the court and establish the certainty of the date" (71 So. 215, 236), should not be considered.
We are of the opinion that Succession of Beird, 145 La. 756, 82 So. 881 (1919), and the cases which have followed it should be overruled, and we now hold that extrinsic evidence is admissible to establish the certainty of an ambiguous date on an olographic will.
The date in the will before us, "2-8-72," is surely a date, and it is almost certain. At worst, it is ambiguous. Extrinsic evidence introduced was found by the Court of Appeal to establish that testatrix used 2-8-72 to mean February 8, 1972, and we agree.
For these reasons, the judgment of the Court of Appeal is affirmed, at the cost of the Succession.