ON REHEARING
Before BOLIN, PRICE, HALL and DENNIS, JJ.
HALL, Judge.
In our original opinion we affirmed a default judgment declaring invalid an olo-graphic will dated “April 49, 1943” for the reason that the date is uncertain.
On or about the same date our original opinion was rendered, the Louisiana Supreme Court decided the case of Succession of Boyd, 306 So.2d 687 (La.1975). In Boyd the .court held that extrinsic evidence is admissible to establish the certainty of an ambiguous date on an olographic will and expressly overruled Succession of Beird, 145 La. 756, 82 So. 881 (1919) and the cases which have followed it. The court sustained the validity of a will dated “2-8-72” on the basis of extrinsic evidence establishing that the testatrix meant February 8, 1972.
On appellant’s application we granted a rehearing in order to consider the effect of the Boyd decision on the result reached in our original opinion. We now set aside our original decision, reverse the judgment of the district court declaring the invalidity of the will, and remand the case for further proceedings.
On rehearing appellant reurges her argument that because there are no other competing wills, the exact date of the will should not be sacramental and urges that this court should declare the date certain enough to meet the codal requirement. Succession of Boyd, while perhaps obliquely questioning the necessity for the rule that the date be exact and certain where the date has no significance or relevance other than to meet the codal requirement, does not challenge or alter such rule established by *48 the substantial jurisprudence cited in our original opinion.
Alternatively, appellant urges that the case be remanded for the purpose of allowing extrinsic evidence to be offered to establish the certainty of the date of the will. Appellees forcefully argue the default judgment should be affirmed and the case should not be remanded because in this case, unlike the Boyd case, no extrinsic evidence was offered in the trial court and on the record as presently constituted, the date of the will remains uncertain. It is further argued that appellant should not be allowed to assert on appeal a defense not raised in the trial court and that the default judgment should not be set aside in the absence of a showing of good reasons for defendant’s nonappearance and failure to plead any defense she had in the trial court.
Appellees argue that although the Boyd case clarified the law as to the admissibility of extrinsic evidence to establish the certainty of an ambiguous date in a will, there was already jurisprudence to that effect and appellant should have made the defense and offered such extrinsic evidence as might be available in the trial court.
As stated in Boyd “[T]he object of the law is surely not to frustrate the will of the testator”. The public policy of this state is to give effect to the will of the testator when not prohibited by statute. In this case the policy of giving effect to the will of the testator and upholding the validity of the testament if possible will be better served by remanding the case to allow the introduction of such extrinsic evidence as may be available to prove the certainty of the date on the will. This court has the authority to remand the case under the provisions of LSA-C.C.P. Art. 2164 which provides that the appellate court shall render any judgment which is just, legal and proper upon the record on appeal.
Although there may have been some inconsistent jurisprudence, the most authoritative expression by the Surpeme Court prior to Succession of Boyd, was Succession of Beird, supra, in which the court squarely held extrinsic evidence inadmissible and that the date of a will must appear certain on the face of the will. In view of this authority the failure of the appellant to appear and assert a defense based on the admissibility of such evidence in the trial court is understandable. Subsequent to the rendition of the default judgment, Succession of Boyd changed or at least clarified the law and appellant should be given her day in court under the law as it now stands.
For the reasons assigned, the original decision of this court is set aside, the default judgment rendered by the district court is reversed and set aside and the case is remanded to the district court for further proceedings consistent with the views expressed in this opinion on rehearing.
Reversed and remanded.