479 So.2d 1035 (1985)
SUCCESSION OF John Henry MILLER, Jr., Plaintiff-Appellant,
v.
Lucy Sondra MOSS, Defendant-Appellee.
No. 84-961.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1985.
*1036 Scotty G. Rozas, Lake Charles, for plaintiff-appellant.
H. Gayle Marshall, Camp Carmouche, Barsh, Hunter, Gray & Hoffman, Anna Merrill, Lake Charles, for defendant-appellee.
Before GUIDRY, DOUCET and LABORDE, JJ.
*1037 DOUCET, Judge.
This appeal presents the res nova issue of whether an olographic will rejected for probate by a New Mexico court based on its formal deficiencies, may be probated in a Louisiana court, where the deceased owned real property in Louisiana.
On April 10, 1978, John Henry Miller, Jr. died in Bernalillo County, New Mexico. He was survived by his widow, Rosa Mae Miller, and by an adopted daughter, Lucy Sondra Moss, a resident of Lake Charles, La.
A hand-written will was presented for probate in the District Court for Bernalillo County, New Mexico. That will was declared invalid by the New Mexico courts because it did not comply with the formal requirements of New Mexico law. An order of intestacy was issued and Rosa Mae Miller was appointed Estate Representative. At the time of his death, John Henry Miller, Jr. owned an undivided 1/8 interest in 140 acres of land in Calcasieu Parish, Louisiana. Robert Mosbacher held a mineral lease on the property and was operating certain producing mineral wells. Royalty payments to Miller were suspended at the time of his death and payments to Miller's Estate were begun upon the naming of Mrs. Miller as administratrix in the New Mexico Succession.
On July 25, 1979, a letter was sent to Mr. Mosbacher's office by the legal representative of Lucy Sondra Moss, in which Ms. Moss asserted ownership of "a 1/7 interest in mineral production" held by the Estate of John Miller, Jr. Mosbacher continued to send the royalty interest to Mrs. Miller as administratrix of her husband's estate.
In July 1980, Lucy Sondra Moss filed a Petition for Possession with the 14th Judicial District Court for Calcasieu Parish. She alleged that John Henry Miller, Jr. had died intestate and asked to be named sole heir and to be placed in possession of the only asset located in Calcasieu Parish, the alleged 1/7 interest, later shown to be a 1/8 interest, in real property. On July 15, 1980, a judgment of possession was signed placing Lucy Sondra Moss in possession of the assets of the estate.
On March 31, 1982, Ms. Moss filed suit against Mosbacher, seeking to be declared the owner of all funds attributable to the Estate of Miller, in the hands of Mosbacher and requesting that all further payments be made to her. Mosbacher answered and convoked a concursus proceeding, alleging that Mrs. Miller might also have an interest in the property subject to the mineral lease. Ms. Moss and Mrs. Miller both answered the concursus proceeding claiming ownership of the funds at issue.
Rosa Miller then filed a petition in the Succession proceeding opened by Ms. Moss, seeking to probate the olographic will which had been submitted for probate in New Mexico and rejected because of formal deficiencies. She asked to be declared owner of the disposable portion of Miller's estate. Ms. Moss filed Exceptions of Res Judicata and No Cause of Action. After a hearing, the trial judge overruled the exception of Res Judicata and referred the exception of No Cause of Action to the merits. The Succession proceeding was consolidated for trial with the suit by Ms. Moss against Mr. Mosbacher.
After a trial on the merits, judgment was rendered holding the olographic will to be proved, and admitted to probate. The trial judge ordered the will probated and filed. The testamentary disposition of the estate was reduced as an excessive donation. The original judgment of possession was amended to place Ms. Moss in possession of the forced portion, or a 1/3 interest of Miller's estate in Calcasieu Parish. Mrs. Miller was put in possession of the disposable portion, or a 2/3 interest. The exception of no cause of action was denied.
Ms. Moss' claim against Mosbacher was dismissed with a finding that Mosbacher followed a reasonable procedure in making royalty payments.
Ms. Moss appealed the denial of the exceptions as well as the judgment. We affirm the trial court's judgment.

*1038 THE OLOGRAPHIC WILL
La.C.C. Art. 1588 provides that:
"The olographic testament is that which is written by the testator himself.
In order to be valid, it must be entirely written, dated and signed by the hand of the testator. It is subject to no other form, and may be made anywhere, even out of the State."
At the trial, Ms. Moss attempted to prove, through the testimony of two of the deceased's sisters and a handwriting expert, that the will was not written by the hand of the testator, but was a forgery. The trial judge rejected this testimony in favor of the testimony elicited by counsel for Mrs. Miller from others of the deceased's siblings and a board certified forensic document examiner. The court stated as follows:
"The handwriting and signature of the will have been positively identified by at least two persons well acquainted with decedents handwriting and who had regularly corresponded with him. Ms. Janet Masson satisfied the court as to her expertise as a forensic document examiner and gave as her unqualified opinion the conclusion that the will in question was entirely written and signed by the decedent. The reasons for her conclusion were well corroborated by exhibits she prepared. The contrary testimony is not convincing."
It is well settled that:
"Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts."
Canter v. Koehring Company, 283 So.2d 716 (La.1973). A review of the record reveals no manifest error. Therefore, we will not disturb the trial court's credibility evaluation.
While the date 1/2/73 is ambiguous, extrinsic evidence was properly introduced to establish the date with certainty. Succession of Boyd, 306 So.2d 687 (La.1975). The date of the document was clarified by testimony from the decedent's siblings, who testified that the decedent had a history of military service and used the military system of dating wherein 1/2/73 would indicate February 1, 1973.
The will fulfills all the requirements for a valid olographic will under the Louisiana Law. As a valid olographic testament, there would have been no question as to the propriety of its admission for probate in Louisiana, had the New Mexico probate never been attempted. Furthermore, the New Mexico court is without power to render judgment as to rights to real property located in Louisiana. It is well settled that immovable property is exclusively subject to the law of the State in which it is located. The law of the jurisdiction in which real property is situated governs its acquisition, disposition and devolution. Succession of Martin, 147 So.2d 53 (La.App. 2nd Cir.1962), writ refused, 149 So.2d 763, 243 La. 1003 (1963). Therefore, the matter is not res judicata.
Contrary to the assertions of Ms. Moss, the Uniform Probate Law La.R.S. 9:2421-2425 applies to wills accepted for probate in foreign jurisdictions. The situation presently before the court is governed by the provisions of La.C.C. art. 1588. Under that article the will is valid although not made in Louisiana. Therefore, it was properly admitted for probate in Calcasieu Parish, the situs of the real property at issue. La.C.C.P. art. 2811.

CONCURSUS PROCEEDING
Ms. Moss contends that the concursus proceedings were not properly instituted since Mosbacher did not immediately deposit the disputed funds in the registry of the court. Deposit of the funds comprising the stake into the registry of the court *1039 is not a requisite of a valid concursus proceeding. La.C.C.P. art. 4658 provides that the stake may be so deposited, and that the deposit relieves the stakeholder of further liability. Mr. Mosbacher properly retained the fund in escrow, and later properly deposited them in the registry of the court. There is no provision for interest or penalties while the stake remains in the hands of the stakeholder. No damage was incurred by Ms. Moss as a result of Mr. Mosbacher's retention of the fund in escrow. There is no basis for an award of damages or penalties.

PENALTIES AND ATTORNEY'S FEES
Additionally, Ms. Moss seeks penalties and attorney's fees for non-payment of royalties under a lease. La.R.S. 31:137 et seq. of the Mineral Code provides for interest, penalties and attorney's fees for failure of a mineral lessee to make timely or proper payments to the lessor. The lessor must give written notice of the failure before judicial demand. The lessee then has thirty days to pay or to respond with a reasonable cause for non-payment.
Counsel for Ms. Moss first contacted Mosbacher in a letter dated July 25, 1979. He asked to be advised as to the status of the royalty payments held for the benefit of the Estate of John Henry Miller, Jr. On July 31, he was sent copies of the correspondence regarding Mr. Miller's estate and a copy of the Letters of Administration issued to Mrs. Miller. On July 22, 1980, counsel for Ms. Moss forwarded the original judgment of possession in which Ms. Moss was named sole heir of Mr. Miller. On July 22, 1980, Mosbacher wrote to Robert Poulson regarding the conflicting claims and informed him that the payments were suspended pending final determination. A copy was sent to counsel for Ms. Moss. On August 5, counsel for Ms. Moss again contacted Mosbacher asserting Ms. Moss' ownership of the funds. On September 22, 1980, counsel for Mosbacher responded, informing counsel for Ms. Moss of the existence of an olographic will and enclosing a copy. In short, Ms. Moss was well provided with reasonable cause for non-payment, even before an actual demand was made. Furthermore, it has been determined that Ms. Moss was not entitled to all she was claiming. Under the circumstances, we believe the trial court was correct in ruling that Ms. Moss is not entitled to interest, penalties, or attorney's fees.

COSTS
The costs as assessed by the judgment are proper under La.C.C.P. art. 1920 and La.C.C.P. art. 4659.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellant, Lucy Sondra Moss.
AFFIRMED.