EDWARDS, Judge.
Appellants/legatees appeal from an adverse trial court decision that found the decedent’s will invalid as not meeting the requirements of LSA-C.C. art. 1588. For the following reasons we affirm the judgment.
Prior to her death, decedent executed a typewritten will and signed it below her dispositions. After her death, the legatees attempted to have the will probated as an olographic will under article 1588. The trial court dismissed the legatees’ assertion that although the will was not entirely written by the hand of the testator, it should be accepted as valid and probated anyway.
LSA-C.C. art. 1588 reads as follows: The olographic testament is that which is written by the testator himself.
In order to be valid, it must be entirely written, dated and signed by the hand of the testator. It is subject to no other form, and may be made anywhere, even out of State.
The appellants contend that “written” as used in art. 1588 should also be interpreted as typewritten; we think not.
LSA-C.C. art. 1595 states:
The formalities, to which testaments are subject by the provisions of the present section, must be observed; otherwise the testaments are null and void.
Several cases have held that the olo-graphic will must be completely “written by the testator in order to be valid”. The courts, over the years, have lessened the formalities of olographic wills, i.e., using slash dates instead of writing the date out, Succession of Boyd, 306 So.2d 687 (La. 1975); writing the will in part pencil, part ink, Succession of Smart, 214 La. 63, 36 So.2d 639 (1948); and in Oroszy v. Burkard, 158 So.2d 405 (La.App. 3d Cir.1963), the court held that an olographic will does not, in its entirety, have to all be written on the same date.
A signature alone is not sufficient to prove that the will was actually written by the testator. Only when there is extended handwriting by the testator, can there be sufficient documentation that the instrument was “... entirely written ..., by the hand of testator ... ”. LSA-C.C. art. 1588.
For the foregoing reason, the judgment of the trial court is affirmed. All costs of this appeal are to be taxed to appellants.
AFFIRMED.