JIJONES, Judge.
Appellant, Kenneth Truant,, appeals the judgment of the trial court granting the peremptory exception of no cause of < action and dismissing his suit to annul the last will and *1026 testament of Ms aunt, Agnes Byrnes Roni-ger. We reverse.

FACTS

Decedent, Agnes Byrnes Roniger, died on February 1, 1996. On March 1, 1996, decedent’s Last Will and Testament dated December 12, 1996, was submitted for probate. At the time the will was submitted for probate, affidavits of the two witnesses to the will, as well as the writer of the will, as attesting Notary, included language which indicated that although the will was dated December 12, 1996, in truth and in fact the will was executed on January 12,1996.
Decedent was a widow with no descendants, survived only by collaterals. Rev. Henry J. Bulger was named executor of the will. The bulk of her estate was bequeathed to nine (9) specific charities. A charitable trust and legacy was also provided to her niece and her niece’s husband, Defendants, Eleanor and Philip Carter. Another collateral, Kenneth B. Truant, decedent’s nephew, filed a Petition Rto Annul Probated Testament. He alleged the will was null and void because it is dated December 12, 1996, approximately ten (10) months after the death of the decedent, failing to meet the statutory requirements set forth in LSA-R.S. 9:2442. The Defendants were ordered to show cause on October 25, 1996, why the court should not rule the purported testament null and void.
On October 10, 1996, Eleanor and Philip Carter, filed a Peremptory Exception of No Cause of Action. The exception was heard on October 25, 1996, concomitantly with the Rule to Show Cause. Judgment was rendered maintaining the exception, and the district court found the Last Will and Testament of the decedent to be authentic.

DISCUSSION

Mr. Truant argues that the will is null and void because it fails to meet the requirements of LSA-R.S. 9:2442. Mr. Truant supports his argument by indicating that the will is dated more than ten (10) months after the daté of death of Agnes Roniger. Mr. Truant further argues that because the date of December 12, 1996, is clear and unambiguous and inserted in two separate places in the will, extrinsic evidence should not be allowed to determine the correct date. Defendants, Rev. Bulger and Eleanor and Philip Carter all argue that the doctrine of substantial compliance should apply and where the clear intent of the testator is evident, a will should be enforced whenever possible. They also contend that extrinsic evidence should be heard to clarify the ambiguity.
In the instant case the will is clearly dated, albeit with an erroneous date. However, the Defendants argue that the statute does not require a valid date, merely a date, therefore, the will complies. The first step in analyzing whether a date is correct is to define a date. In Succession of Holloway, 531 So.2d 431, 433 (La.1988), the Supreme Court noted that the statute’s requirement that the will be dated must be attributed its plain and ordinary meaning. “The date of an |3event, be it a birth, a death, an anniversary or the execution of a will, is normally understood to encompass the day, month and year on which the event took place.” Id. (emphasis added). Adopting this logic to the instant case, the date on the will is not the date on wMch the event took place. However, the Defendants claim the statutory language is silent on the issue of validity of the date of a will. LSA-R.S. 9:2442 provides in pertinent part:
B. The statutory will shall be prepared in writing and shall be dated and executed in the following manner:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is [her] last will and shall sign [her] name at the end of the will and on each other separate pages of the instrument.
In the presence of the testator and each other, the notary and the witnesses shall then sign the following declaration, or one substantially similar: “The testator has signed this will at the end and on each other separate page, and has declared or signified in our presence that it is [her] last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names tMs _day of_, 19_”
*1027 If one is to read the statutory language giving the words their plain and ordinary meaning the appellees argument fails. LSA-R.S. 9:2442(B)(2) states that the will should have a declaration substantially similar to the one provided. Understanding this requirement, a further reading reveals that the legislature desired conformity to resemble a date form of “this_day of._, 19_” The legislature does not use words in a statute lightly and all the words in the statute should be given a full effect. Therefore, the use of the word “this” emphasizes the legislature’s intent that the date refer to the actual date the event took place. As a result, a reading of LSA-R.S. 9:2442 requires a date on wills and that date should be the date on which the testator and witness subscribed their names. That is not the case here.
|4The question presented by the exception of no cause of action is, “must the testament speak for itself and express its date with certainty and precision upon its face, or may an uncertainty or doubt as to.the date, appearing on the face of the instrument, be removed by testimony as to when the document was or must have been written?’.’
Under Louisiana law, there is a presumption in favor of the validity of testaments and evidence must be exceptionally compelling to rebut that presumption. It is also a strong public policy of the State to sustain the validity of the will and give effect to the testator’s wishes whenever possible. Succession of LaBarre, 179 La. 45, 153 So. 15 (1934); Succession of Boyd, 306 So.2d 687 (La.1975); Succession of Holloway, 531 So.2d 431 (La.1988). Absent a finding of manifest error, in contested testament cases, the factual findings of the trial court are accorded great weight and will not be disturbed on appeal. Succession of Armstrong, 93-CA-2385 (La.App. 4 Cir., 4/28/94), 636 So.2d 1109, 1111.
In the instant case, the will contained dispositions to nine specific charities, a charitable trust and Eleanor and Philip Carter. The only problem with the will is that it was incorrectly dated December 12, 1996. Two witnesses testified that the actual- date the will was signed was January 12, 1996, and that the incorrect date was merely a clerical error. Mr. Truant argues that because the date is unambiguous extrinsic evidence should not be admitted to explain the inconsistency. “It is an elementary rule of evidence that a writing in which there is no ambiguity cannot be interpreted by parol [evidence]; but that an ambiguity in any of its parts, as to names, identity of parties, extent or nature of the thing sold ... may be removed by any evidence known to the law.” Succession of Boyd, 306 So.2d at 689.
• Mr. Truant’s argument is without merit. The case law dealing with extrinsic evidence in contested testament eases states that “there is no law that | sprevents the courts from hearing testimony and entertaining evidence to throw light upon an obscure date, and remove all doubt, uncertainty, ■ or ambiguity concerning [an uncertain date].” Succession of Boyd, 306 So.2d 687 (La.1975) (emphasis added). Clearly, the erroneous date created some doubt as to the validity of the will considering the fact that the date Ms. Roniger passed away preceded the date of her will by ten months.
In Succession of Guezuraga, 512 So.2d 366 (La.1987), the court looked at the history of statutory wills. Citing Porche v. Mouch, 288 So.2d 27, 30 (La.1973), the court wrote:
The minimal formal requirements of the statutory will are only designed to provide a simplified means for a testator to express [her] testamentary intent and to assure, through signification and [her] signing in the presence of a notary and two witnesses, that the instrument was intended to be [her] last will. In accordance with this legislative intent, courts liberally construe and apply the statute, maintaining the validity of the will if at all possible, as long as it is in substantial compliance with the statute.
In the instant case, neither party alleges any concern over the possibility of fraud or that this was not intended to be Ms. Roni-ger’s last will. The only question issued is the erroneous date and its affect on the will. “Reason dictates [hearing extrinsic evidence], and justice demands it, in order that the right accorded by law to make a will shall be *1028 protected, and not defeated by technicalities.” Succession of Boyd, 306 So.2d at 689. Any evidence, not prohibited by law, that may establish certainty of the date, should be heard and admitted. Id.
Agnes Roniger intended that her estate be left to those legatees named in her will. In the instant case, there is no suggestion of fraud, undue influence, or even a contention that this may not be her last will. Furthermore, Mr. Truant contends that the long line of case law should not apply and should be ignored because dates ftwere not required on statutory wills until the 1975 amendments. However, the material issue of the admissibility of extrinsic evidence in cases contesting the validity of a will was missed by Mr. Truant. Olographic wills have always required a date under Louisiana law; therefore, cases dealing specifically with this issue are binding in the instant case.
When on the face of a will there is doubt as to its date, the testimony of witnesses may be used to extinguish any uncertainty. In Succession of Boyd, 306 So.2d 687, 688 (La.1975). Mr. Truant argues that there is ambiguity appearing on the face of the will; therefore, extrinsic evidence should not be allowed. On its face, the will is free of any ambiguities. It is clear what Agnes Roniger intended and it is also clear that the wrong date was a mere clerical error. However, more important is the public policy which holds that whenever possible the testator’s wishes should be upheld.
Finally, we note that although the trial court maintained the Defendant’s peremptory exception of no cause of action this issue was not assigned as error or briefed and as such cannot be considered by this Court.
For the foregoing reasons the decision of the trial court to admit the testimony of the witnesses arid notary regarding the correct date of the instrument is affirmed.

REVERSED IN PART; AFFIRMED IN PART.

PLOTKIN, J., dissents with written reasons.