h CARAWAY, J.
In this action to annul a probated olo-graphic will, two witnesses, whose testimony was previously used in the probate proceeding, testified that the date was written on the will by one of them prior to offering it for probate. Although the proponent of the will presented no evidence to rebut the attack on its date, the trial court found that grounds for annulment were not proven. This appeal followed, and we now reverse the trial court’s ruling and annul the testament.

Facts and Procedural History

On November 23, 1998, a single-page handwritten document was presented for probate, as the purported last will and testament of Jerry L. Neighbors (“Neighbors”), who died on September 26, 1998. At the top of the will is a date, “3/10/98.” The will begins, “I, Jerry Neighbors Sr., in the event of my death, I would like only my sister, Angel Bishop to handle all of my affairs for me.” The will continues by making the disposition of his estate in thirds to Neighbors’ son, his daughter, Angela Neighbors (“Angela”), and his sister, Angel Bishop (“Bishop”). The will then makes a directive to Bishop concerning Neighbors’ funeral and is signed in the middle of the page, “Thanks,” followed by Neighbors’ signature. After this initial closing, the following is written:
“March 30,1998
P.S. Also I want Hank Williams music, and other good music played at my funeral.”
At various places throughout the will, the text of the document appears slightly edited. For example, in the first sentence of the will quoted above, the abbreviation “Sr.” and the personal pronoun “I” appear added and squeezed in between the original language of the sentence. The second date, “March 30, 1998” appears out of place, squeezed directly under Neighbors’ signature, and the “March 30” is almost illegible, possibly written over twice, as though the ink from|2the pen failed to flow on the first attempt. Finally, to the left of the closing and signature of Neighbors are three distinctly different signatures, “Johnny Bishop,” “Debbie K. Harrell,” and “Angela D. Neighbors.”
The three legatees filed the petition for probate. It was accompanied by four affidavits signed respectively by Debbie Harrell, Johnny Bishop, Angela and Bishop. Each affidavit was identical in form, and each affiant stated that he or she was *743 familiar with the decedent’s handwriting and recognized the instrument as entirely written, dated and signed by Neighbors.
This action to annul the probated testament was filed by appellant, Patricia D. Neighbors, on May 18, 2000 and tried as a summary proceeding. At the hearing, the trial court received into evidence the deposition testimony of Angela and her mother, Debbie Harrell (“Harrell”), the former wife of Neighbors. Harrell testified that before the will was presented to an attorney, she had written the two dates on the will at Bishop’s urging. She also signed her name on the will at that time. Angela confirmed that her mother dated the will. Angela also signed her name on the will at the same time. No evidence in defense of the annulment claim was presented.[1] At the close of the hearing, the court minutes reflect that the trial court ruled that appellant failed to carry her burden of proof, and the annulment action was dismissed.

Discussion

The ex parte probate of an olographic will requires proof through the testimony of two credible witnesses that the testament was entirely written, dated, and signed in the testator’s handwriting. La. C.C. art. 1575; La. C.C.P. art. 2883. |aA probated testament may be annulled only by a direct action brought in the succession proceeding. La. C.C.P. art. 2931.
In the ex parte probate proceeding, the court may receive testimony regarding the olographic will in the form of an affidavit. La. C.C.P. art. 2883(B). Nevertheless, the receiving of evidence in affidavit form under Art. 2283(B) “does not apply to testimony with respect to the genuineness of a will that is judicially attacked.”
Additions to an olographic testament may be given effect only if made by the hand of the testator. La. C.C. art. 1575. An absent date cannot be supplied; it must come from the hand of the testator. Succession of Boyd, 306 So.2d 687 (La.1975).
In this case, the record obviously reveals a will which has been edited, possibly by a different hand, and which contains signatures of persons in addition to the signature of the testator. At the annulment trial, Harrell and Angela recanted portions of testimony previously supplied by their affidavits for the will’s probate. Although they again confirmed that the substance of the will was written by Neighbors, they testified that the March 30, 1998 date appearing on the will in two places was written by Harrell after Neighbors’ death. They also identified their signatures on the will and explained that they wrote those signatures after Neighbors’ death.
Once testimony of the forgery of the dates was offered, the proponent of the will could not rest upon the affidavit testimony used to probate the will, but had to discredit Harrell’s and Angela’s testimony. Absent rebuttal to that testimony, and under the circumstances of having a partially edited will before us, we believe that the evidence clearly establishes that Neighbors did not date the will. This is a fatal flaw for an olographic will. Therefore, we reverse the trial court’s judgment as 14clearly wrong and manifestly erroneous, and the previously probated will is hereby annulled. Costs of this appeal are assessed to appellee.
REVERSED AND RENDERED.

. At the time of this annulment action, the two children and legatees of Neighbors had conveyed their interests in his estate to appellant, leaving Bishop as the only proponent of the will.