PONDER, Justice.
 

 Mrs. Anna Louise Torlage, wife of John McGilvary, daughter of Henry W. Torlage, deceased, opposes the probate of a certain instrument claimed by Mrs. Azalie Boudousquie Torlage, wife of Henry W. Torlage, deceased, to have been the last will and testament of Henry William Torlage. The opposition is based on the ground that the document presented for probate does not conform with the requirements of the Civil Code in that it is not entirely written, dated and signed by the testator. It is further contended that the testator did not intend the instrument to be his last will and testament. The lower' court maintained the opposition and- dismissed the pro
 
 *696
 
 bate proceedings. The matter is before us on appeal.
 

 Henry William Torlage died in the City of New Orleans on September 19, 1940. It appears that prior to his death on November 21, 1938, Henry William Torlage, while taking the Scottish Rite Degrees of the Masonic Order, as a part of the ceremonials of initiation, answered in writing certain questions propounded to him, signed the instrument and wrote what is now claimed to be his last will and testament. The document in its entirety reads as follows :
 

 “Be patient, calm, deliberate! Read carefully! Reflect! Answer truly! remembering the eye of God is upon you, and that he knows the secrets of your heart and life!
 

 “If, when you read, you are not' disposed to answer, summons your guide, and you will be free to retire.”
 

 “Questions.”
 

 “1. Are you living in the commission of any crime against the laws of God or man, or any offence against those of propriety and decency, which, if known, ought to prevent us from receiving you in this degree ?
 

 “No.
 

 “2. Have you done any grave wrong to any person, or committed any crime, which remains unrepented, of, and for which you have not made reparation to the utmost of your power?
 

 “No.
 

 “3. You believe in a Great First Cause, Author and Preserver of all that is. Therefore, you have duties to perform towards Him. What are those duties ?
 

 “To love and worship him.
 

 “4. All men, children of a common Father, are brethren. What are your duties towards your fellow-men?
 

 “Brother Love.
 

 “5. Man, composed of a body and a soul, has duties of two kinds to perform towards himself. What are those duties?
 

 “Be honest and upright.”
 

 “Obligation.”
 

 “I hereby promise and vow, that I will faithfully endeavor to perform all the duties which I have now acknowledged to devolve upon me, being governed by them, within the Lodge and without, as a good and true Mason; and that I will never improperly make known the mode of my admission into this degree, even if I should be dismissed without completely receiving it. So help me God!
 

 “Signed at New Orleans, on this 21st day of the month November A. D. 1938
 

 “H. W. Torlage
 

 “ — Write now, in good faith, your last will and testament, precisely as if you were about immediately to be engaged in battle, and expected to fall in the action.
 

 “I here by leave all I owne to my wife and that my request is that I be laid to rest with Masonic rights.
 

 “Henry William Torlage”
 

 
 *698
 
 From an examination of the instrument, it is apparent that that portion claimed to have been the last will and testament is not dated. In compliance with the instructions to “write now, etc.,” the deceased wrote what is claimed to be his last will and testament which is not dated. The words “write now” emphasize the fact that what preceded formed no part of the purported will. Under the provisions of Article 1588 of the Civil Code, an olographic will must be entirely dated, written and signed by the testator. A failure in any one of these respects nullifies the will. Succession of Armant, 43 La.Ann. 310,
 
 9
 
 So. 50, 26 Am.St.Rep. 183; Succession of Robertson, 49 La.Ann. 868, 21 So. 586, 62 Am.St.Rep. 672; In re Poland’s Estate, 137 La. 219, 68 So. 415; Succession of Kron, 172 La. 666, 135 So. 19.
 

 Moreover, according to the instrument itself there was no intention to make a will but merely to state what the deceased would have provided for in his will if certain conditions existed. In other words, he merely wrote what his will would be if he was about to be immediately engaged in battle and expected to fall in action. Furthermore, what the testator wrote was in compliance to the ritual with no intention to make his last will and testament.
 

 For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.
 

 ODOM, J., takes no part.