11 COOKS, Judge.
The Appellants are the named legatees in a will left by the testator, Mary L. Aycock. They appeal a judgment of the trial court declaring her will invalid because she did not date it in her own hand as required by La.Civ.Code art. 1588, which provides the general requirements for executing an olographic will. •
For reasons which follow, we reverse the judgment of the trial court and reinstate the original Judgment of Possession.
FACTS AND PROCEDURAL HISTORY
Debra Harper and Howard Harper are the great-niece and great-nephew of Ms. Aycock’s deceased husband, Clyde Aycock. Mr Aycock preceded his wife in death by approximately nine years. Fred Sanders is the brother of Ms. Aycock. The record reflects that in 1994 Ms. Aycock approached Wanda McGee, a friend and Notary Public, about drawing up a will. Ms. McGee informed Ms. Aycock she never prepared a will prior to that date, but believed all Ms. Aycock had to do was write her wishes in her own handwriting and indicate it was her last will and testament. As instructed, Ms. Aycock wrote out her last wishes; and then, Ms. McGee signed the testament, dated the testament, and notarized it in Ms. Aycock’s presence. The testament clearly expressed Ms. Ay-cock’s intent to leave all of her financial accounts to Mary Dartez, and her home to Debra and Howard Harper.
On February 14, 2002, the legatees presented Ms. Aycock’s testament for probate, and a Judgment of Possession was rendered in accordance with Ms. Aycock’s wishes. On April 9, 2001, Mr. Sanders *1186 filed the instant action seeking to vacate the judgment on the grounds that Ms. Aycock’s will was invalid since it was dated by a Notary Public and not by Ms. Ay-cock’s own hand. Mr. Sanders contended Ms. Aycock’s failure to date the will violated requirements of La.Civ.Code article 1588, and therefore, the will is invalid. A judgment was entered in favor of Mr. Sanders with an order vacating the Judgment of Possession. As her sole heir, Mr. [^Sanders was appointed administrator of Ms. Aycock’s Succession. This appeal by the named legatees followed.
DISCUSSION
It is true Louisiana courts have held an olographic testament must be entirely written, dated and signed by the testator and is subject to no other form. Arnold v. Fenno, 94-1658 (La.App. 4 Cir. 3/16/95); 652 So.2d 1078. The cases have further held, “Louisiana Civil Code article 1588 requires that an olographic will must be dated by the testator....” Succession of Holloway, 531 So.2d 431, 433 (La.1988); Succession of Torlage, 202 La. 693, 12 So.2d 683 (1943). Failure to satisfy any one of the enumerated requirements under La.Civ.Code art. 1588 nullifies the will. Succession of Torlage, 202 La. 693, 12 So.2d 683.
It is undisputed the date entered in the present will was not done so by the hands of the testator, but by the notary. However, the supreme court has in some cases— when justice commands — relaxed the stringent formality requirements for executing wills. See Succession of Boyd, 306 So.2d 687 (La.1975); Succession of Guezuraga, 512 So.2d 366 (La.1987). See also Succession of King, 23-270 (La.App. 2 Cir. 2/26/92); 595 So.2d 805. The second circuit noted and we agree;
[t]he courts have admittedly relaxed certain formalities pertaining to the execution of testaments, including the writing of olographic wills ... Slash dates may be used. Also, the will may be written in a combination of various inks and pencil, and it need not be written out in its entirety on the same day.
Succession of King, 23270 (La.App. 2 Cir.); 595 So.2d 805, writ denied, 92-816 (La.5/8/92); 598 So.2d 357 (internal citations omitted). The courts, however, have not addressed the specific issue presented in this case — whether an olographic will is invalid when written by the testator in compliance with La.Civ.Code art. 1588 in all respects, excepting only the date having been entered by a notary.
We are satisfied the will expresses the testator’s true intent to bequeath her Restate to Debra Harper, Howard Harper, and Mary Dartez. We also are satisfied the date reflected on the document was placed there by the notary, in full view, with the consent of the testator, and accurately records when the event occurred. The only defect in the will is the date was written by the notary in the attestation clause and not by the testator. The supreme court in Succession of Boyd noted the “object of the law is surely not to frustrate the will of the testator.” Succession of Boyd, 306 So.2d at 692 (emphasis added). Allowing the will to stand in this case, though not strictly written in compliance with La.Civ.Code art. 1588, furthers the ultimate purpose of its enactment — to insure that the will was approved by and reflects the true intent of the testator, and, that its enforcement is in keeping with the testator’s wishes. The Supreme Court declared in Boyd, “[rjeason dictates it, and justice demands it, in order that the right accorded by law to make a will shall be protected, and not defeated by technicalities ... The whole question resolves itself into a matter of proof.” Id. at 689.
*1187 Our thorough review of the record shows, though Ms. Aycock did not date the testament as required under La.Civ.Code art. 1588, she took painstaking steps to assure the will reflected her wishes. She sought the advice of a notary, even when the statute did not require such course, and she attempted to execute a valid will that would memorialize her intent. Nothing in the record hints that she may not have desired what is clearly expressed in the document. The exceptional circumstances presented, the interest of justice, and the purpose underlying the enactment of La.Civ.Code art. 1588 favors a finding that the will is valid.
We, therefore, accordingly reverse the decision of the trial court. All costs of this proceeding are assigned to the appellee, Fred G. Sanders.
REVERSED.